MORROW'S ASSIGNEES, Plaintiffs in Error, *vs.* BRIGHT, Defendant in Error.

1. In an action by the general assignees of an insolvent, to recover a debt due the assignor, the defendant was allowed to set up as an equitable defence or set-off the amount of a note paid by him after the assignment, as security of the assignor upon a note which was under protest at the date of the assignment.

*Error to Ray Circuit Court.*

This was an action by Morrow's general assignees for the benefit of creditors against Bright, for about eight hundred dol-

lars due upon a note, account stated and agreement, all of which were included in the assignment. Bright pleaded as a set-off five hundred dollars paid by him since the assignment, on a protested note of Morrow's, on which he was endorser. The assignment was dated April 9, 1853. The note was given December 27, 1852, was protested before the assignment, and paid by Bright after the assignment. The offset was allowed by the Circuit Court, and the plaintiffs appealed.

*Napton*, for plaintiffs in error. 1. Morrow and Bright were not *mutually indebted* at the date of the assignment. There was nothing due by Morrow to Bright when the assignment was made, and if Morrow became indebted to Bright after the assignment, that is surely no set-off against the demand assigned. (13 Vermont, 440.) A debtor cannot, by his assignment, prevent a settlement of mutual subsisting indebtedness between himself and another; but he has a right to prefer some creditors to others, and to make such appropriations of his effects as he pleases. If the set-off claimed here be allowed, will it not place it in the power of the assignee's debtor at all times, to defeat the intentions of the assignor, and disarrange the order of claims, by buying up the claim of a postponed creditor, and in that way, procuring its full allowance, when by the directions of the deed of assignment, it would only get a *pro rata* share with other claims of its class? 2. There is no question of notice here, as the court below assumed the law to be that the set-off must be allowed, without regard to notice. 3. It cannot be pretended that the payment made on the protested note was an equitable defence or set-off against the plaintiffs, as it grew out of a transaction totally independent of the indebtedness assigned. (15 Mo. Rep. 399.)

*Gardenhire* and *Vories*, for defendant in error. 1. The interest of the plaintiffs in the insolvent's debts is exactly that of the insolvent himself, as it stood affected by countervailing equities at the time of the assignment. It is therefore immaterial whether the liability set up as a defence was originally absolute or *contingent*, the relations of the parties being unal-

terable by the accidental insolvency of one of them. (*Krause* v. *Beitel*, 3 Rawle, 203. 1 Atk. 230. 2 Paige, 581. 1 Root's Conn. Rep. 427. 7 Mo. Rep. 524.) 2. It does not appear that the defendant had any notice of the assignment when he paid the note upon which he was endorser, and for that reason, if for no other, his demand is allowable as a strict set-off. (New Practice Act, art. 3, sec. 3.)

Scott, Judge, delivered the opinion of the court.

The only question in this case is, whether the defendant, Bright, is entitled to the benefit of the set-off which he claims, as against the plaintiffs?

The plaintiffs are the voluntary assignees of the insolvent Morrow, and their position in this action cannot be likened to that of an assignee for value of the specific debt which is sought to be recovered.

In the case of *Krause* v. *Beitel*, (3 Rawle, 199,) it was held that the interest of a trustee of an insolvent debtor in debts due to the insolvent, is exactly that of the insolvent himself, as it stood affected by countervailing equities at the time of the assignment.

Our statute, in suits brought by administrators and executors, allow debts existing against their intestates or testators and belonging to the defendant at the time of their death, to be set-off in the same manner as if the action had been brought by or in the name of the deceased. On this view of the subject, there would be no impropriety in allowing the set-off.

But the matter may be presented in another light. Bright could not sue Morrow to recover the money for which he was bound for him, until he had actually paid it. But this goes on a technical ground, peculiar to the action for money paid, laid out and expended. Money cannot be said to be laid out for another until money is actually paid on his account. But, in substantial justice, as Bright was Morrow's surety, and compellable by law to pay the debt, and as Morrow was insolvent,

Bright may be regarded as the creditor of Morrow from the time the note was protested. Then, as there was an indebted-ness on the part of Morrow to Bright, and as the very act of assignment was evidence of insolvency, by which Bright became absolutely bound, there was an equity against the demand of Morrow at the time of the assignment, growing out of his indebtedness to Bright.

We do not consider that this action is affected by the third article of the present practice act. Jude Ryland concurring, judgment affirmed.