White, Adm'r of Henly v. Henly.

GEO. T. WHITE, Administrator of G. B. HENLY, deceased, Defendant in Error, *vs.* JNO. HENLY, SR., Plaintiff in Error.

1. *Administrator—Suit by—Defendant cannot as surety set off what notes—Construction of statute.*—In suit by an administrator, defendant, under the statute (Wagn. Stat., 1274, § 3) cannot set off notes of the intestate, upon which defendant was surety, where the notes remained due and unpaid at the decease, although they were duly probated and after probate paid by defendant, and, although the estate of deceased was insolvent. Defendant did not come within the purview of the statute, for he did not own the notes, and was not a creditor at the time of the intestate's death.

2. *Practice, civil—Special verdict—Judgment upon.*—On the finding of issues in the nature of a special verdict, the court has the undoubted right to render judgment.

*Error to Cole Circuit Court.*

*Edwards & Son, and Lay & Belch,* for Plaintiff in Error.

I. The notes given by Green Henly, with the defendant as his surety for money borrowed by Green Henly, and due in the life-time of Green Henly, which were paid by defendant before suit brought against him in this case, Green Henly being insolvent at the time of the execution of the notes and at the time of his death, were proper counter-claims in this action, and the court erred in striking them out. (Morrow vs. Bright, 20 Mo., 300 ; 1 T. R., 662 ; Reppy vs. Reppy, 46 Mo., 572.)

II. The interest of a trustee of an insolvent, is exactly that of an insolvent himself, as it is effected by countervailing equities at the time of the assignment. Administrators occupy the same relation to their intestates and their estates, as trustees and their insolvents. (Krause vs. Beitel, 3 Rawle, 199 Nickerson vs. Gilliam, 29 Mo., 456.)

III. When an insolvent plaintiff is suing, equity will take jurisdiction of unliquidated claims and allow off-sets, which would not be allowed at law ; but the demand must exist against the plaintiff in favor of the defendant at the time of the commencement of the suit. (Wat. Set Off, p. 80 ; Bradley vs. Angell, 3 Comst., 475 ; 2 Bart., 253.)

*Ewing & Smith*, for Defendant in Error.

I. Because defendant's attorneys choose to term their demands counter-claims, the statute is not thereby changed. The demands do not come within the definition of counter-claims. They are, after all, nothing but set-offs. And the second section of the statute (R. C., 1855, p. 1462,) provides that a debt to be the subject of a set-off, must be due at the time of the death of the deceased, and from the deceased to defendant.

II. Neither could defendant claim to be subrogated to the rights of the payees of the notes, by paying them off so as to use their demands as set-offs or counter-claims. The only subrogation permissible in such a case, would be to have any collaterals or liens that the payee may have had, transferred to them upon their paying the debt. (Miller vs. Woodward, 8 Mo., 173; Furnold vs. Bank of Missouri, 44 R., 339; Hays vs. Wand, 4 John. Ch. R., 129.)

III. To promote and encourage trade and commerce, legislators and courts have enacted and sanctioned rules by which, one man holding another's note, may, in the course of trade, transfer it to a third party, investing him with the same right to receive the amount that he had; but the debt is extinguished if a mere volunteer steps in and pays off the debt, or one of the payees pays it off. In both these instances, the debt is extinguished. (1st Sto. Eq., § 444; Colman vs. Whoelock, 42 Barb., 207; 34 N. Y. [7 Tiff.], 440; Benton vs. Rutherford, 49 Mo., 258; Blake vs. Downey, 51 Mo., 437, 438.)

IV. The procedure amounts to nothing else than purchasing demands on plaintiff's intestate after his death for the purpose of using them as off-sets, which is clearly not permissible. (Root vs. Taylor, 2 Johns. Ch., 137; Whitehead vs. Cade, 1 Howe [Miss.], R., 95; Wat. Set Off, p. 381.)

The court had the right to render judgment on the findings of the jury. (Spalding vs. Mayhall, 27 Mo., 377, 380.)

WAGNER, Judge, delivered the opinion of the court.

Some confusion is apparent in this record, from the anomalous character of the proceedings upon the trial. In some respects, the case was treated as a suit in equity, and in other regards, as an action at law. It is manifest, that it had very little of the elements of an equitable suit, as it demanded simply a judgment in money, and no case was shown, either in the pleadings or evidence, which would warrant a decree by a chancellor. The petition avers, that the plaintiff's intestate, who was the son of the defendant, bought, in 1853, of one Ring, for the sum of six hundred dollars, an eighty acre tract of land, and took possession of the same, and, in consideration that defendant agreed to loan the deceased said sum of money, and did loan the same for the payment of the purchase money, it was agreed, at the time of the purchase, that Ring should convey the land directly to the defendant, and that defendant should hold the land as a security for the repayment of the money and in trust for the intestate; and that defendant would convey the same to the deceased, whenever he had repaid to defendant the money so furnished; that, in pursuance of said agreement, the intestate, after taking possession of the land, at various times from and after that time, made various payments to defendant up to the month of October, 1857, when a balance was found due to defendant of the sum of two hundred and fifty dollars, for which said intestate executed his promissory note, and departed this life without paying the same; that, whilst the said intestate occupied the land, he claimed it as his own, and, with the knowledge and consent of defendant, proceeded to make valuable and lasting improvements on the same to the amount of at least fifteen hundred dollars, whereby the selling price of the land was greatly enhanced, and by means of which the defendant was enabled to sell, and, in the year 1863, did, for the sum of two thousand dollars, wrongfully, and in violation of the rights of the creditors of the deceased (his estate being insolvent), sell and convey said land to an innocent purchaser, who received a conveyance and paid over to defendant said sum of money, without having any knowledge or notice of the equities of the

representatives of the intestate, in and to the same; and that defendant, in fraud of the rights of the creditors of the intestate, wrongfully neglected and refused to pay over the proceeds of said sale, after he had reimbursed himself for the amount that he had so loaned. There was then a prayer for judgment for the amount defendant had received on account of the sale, less whatever sum remained unpaid by the decedent of the original purchase money.

To this petition the defendant filed a demurrer, which, on motion of plaintiff, was overruled. He then answered. The answer contains a denial of all the material allegations in the petition, and in addition thereto sets up certain notes as off-sets, upon which defendant was surety for the deceased, and which he had paid off after his death; and also insisted upon the statute of frauds as a bar to the action. All that part of the answer relating to the off-sets was by the court stricken out as constituting no defense.

A jury was impaneled and certain issues were framed and submitted to them, embracing all the allegations of facts contained in the petition. After hearing the evidence, the jury found all the issues in favor of the plaintiff and a judgment was entered upon their finding.

First, we will consider the action of the court in striking out a part of the defendant's answer. The first off-set claimed, was the note executed by the deceased to the defendant, and which was stated in the petition to be due. The ruling of the court, therefore, in this matter, could not redound to the detriment of the defendant, as the plaintiff admitted it in his own pleading and voluntarily gave the defendant credit for it. All the other notes were obligations, executed by plaintiff's intestate as principal, with defendant as surety, and which remained due and unpaid at intestate's death. They were duly probated against the estate, and paid off by the defendant after they were probated.

The statute, in force at the time this proceeding arose (and the same provision exists now), says, "In suits, brought by administrators and executors, debts existing against their in-

testate or testator, and belonging to the defendant at the time of their death may be set-off by the defendant, in the same manner as if the action had been brought by and in the name of the deceased." (2 R. C., 1855, p. 1462, § 2; 2 Wagn. Stat., p. 1274, § 3.)

As the defendant did not own the notes, and was not a creditor at the time of the intestate's death, the notes could not be pleaded or allowed as set-offs in this suit. The case of Morrow vs. Bright, (20 Mo., 298) does not militate against this view. In that case, Morrow's general assignee for the benefit of creditors brought an action against Bright, for about eight hundred dollars, due upon a note, account stated and agreement, all of which were included in the assignment. Bright pleaded as a set-off, five hundred dollars paid by him after the assignment, on a protested note of Morrow's on which he was indorsee. The note was protested before the assignment, but not paid till afterwards.

In the opinion, the court says: "Money cannot be said to be laid out for another, until money is actually paid on his account; but, in substantial justice, as Bright was Morrow's surety, and compelled by law to pay the debt, and as Morrow was insolvent, Bright may be regarded as the creditor of Morrow from the time the note was protested. Then, as there was an indebtedness on the part of Morrow, to Bright, and as the very act of assignment was evidence of insolvency, by which Bright became absolutely bound, there was an equity against the demand of Morrow at the time of the assignment. It will be perceived that the court treated the protest of the note as determining the indorser's liability, and this occurred prior to the assignment. The case goes to the utmost limit of allowing an equitable set-off, but it does not go sufficiently far so as to sanction the claim in this case. The creditors here, in the first place, proved up their demands against the estate of the deceased, and it was not till long after his death that the defendant paid them off. To allow them, therefore, to be introduced as off-sets, would be in direct opposition to the statute.

We have examined the evidence carefully, and are fully

satisfied that it sustains the verdict of the jury. We do not regard this case as one in equity, but were we reviewing the facts as a chancellor, we would be forced to come to the same conclusion that the jury arrived at. The facts testified to by the witnesses at the purchase of the land, the various admissions by the defendant, assessing the land in the name of the deceased, and his paying the taxes on it during the whole period of his occupancy, and, after his death, the same acts being performed by the administrator—all form connecting links, which irresistibly tend to make out the plaintiff's case. The finding of the issues were in the nature of a special verdict, and the court had the undoubted right to render a judgment upon it. (Spalding vs. Mayhall, 27 Mo., 377.)

It is insisted upon as error here, that the court gave verbal instructions to the jury, but the record does not show that instructions were given at all.

The statute of frauds certainly has no application to the case. There was no question raised in any manner affecting any interest in, or title to real estate. We have been unable to discover any such error in the ruling of the court in reference to the admission or rejection of evidence, as to affect the substantial merits of the case, and we are of the opinion that the judgment should be affirmed.

Judgment affirmed. All concur.