Huse v. Ames.

"RENICK, January 12, 1883.

HUSE, *Assignee*, v. AMES, *Appellant*.

DIVISION ONE.

1.  **Assignment for Benefit of Creditors:** SET-OFF.   In a suit by an assignee for the benefit of creditors for a debt due the assignor, the defendant cannot set off payments made by him after the assignment as surety for the assignor, though the payments were made on debts which were past due when the assignment was executed.

2    ————: ————. A defendant's equitable set-off, to be available, must in such case exist at the time of the assignment.

3.    **Surety**: CAUSE OF ACTION. A surety has no cause of action against his principal, until he has paid the debt or some part of it.

4.    **Corporation, Insolvency of**: ASSIGNMENT: DIRECTORS. Where a corporation becomes insolvent it is the duty of the directors to make an assignment for the benefit of creditors.

5.    ————: ————: ————. The directors may authorize the vice-president to execute the deed of assignment.

6.    ————. ————: ————. The resolutions of the board in this case *held* sufficient to authorize the vice-president to execute such instrument.

7.    **Deed**: ACKNOWLEDGMENT: STATUTE. The provisions of the act of 1883 (Laws, p. 26) prescribing the form for acknowledgments of conveyances of real estate are cumulative.

*Appeal from St. Louis City Circuit Court.*—Hon. G. W. Lubke, Judge.

AFFIRMED.

*Isaac T. Wise* and *H. J. Grover* for appellant.

(1) No exception was necessary to enable this court to review the ruling of the circuit court, on plaintiff's motion to strike out of defendant's answer the equitable set-off; the objection being predicated upon the theory that the part of the answer affected did not state facts sufficient to constitute a cause of action or defense. *First.* The objection to a pleading that it does not state facts sufficient to constitute a cause of action or of defense is a matter of error, and not of exception, and may be raised at any time in the progress of the case, without formal motion, and even after verdict, and even for the first time in the supreme court by simple suggestion. *Peltz v. Eichel*, 62 Mo. 177; *Birdsal v. Davis*, 58 Mo. 138; *Saulsbury v. Alexander*, 50 Mo. 144. The mere fact that the objection is raised by formal written motion cannot make that

matter of exception, which, under the law, is a matter of error. *Second.* When a party defendant pleads a set-off, he in effect brings an action for the amount of the set-off. *Russell v. Owens,* 61 Mo. 185. *Third.* When an answer does not state facts sufficient to constitute a defense to plaintiff's cause of action, the defect may be reached, either by demurrer or motion to strike out. The purpose of either is elimination. *Howell v. Stewart,* 54 Mo. 400. *Fourth.* A motion to strike out all the substantial and material allegations of a stated cause of action, on the ground that the facts stated do not constitute a cause of action, is in effect a demurrer; and this is true whether the pleader brings his action by petition, or brings his action by way of set-off in an answer. *Austin v. Loring,* 63 Mo. 21; *Paxon v. Talmage,* 87 Mo. 13; *Russell v. Owens,* 61 Mo. 185. *Fifth.* Demurrers are parts of the record, and the action of the court thereon, if improper, is matter of error, as distinguished from matter of exception. *State v. Finn,* 19 Mo. App. 561, and decisions there cited. ( 2 ) It was error to strike out defendant's equitable set-off, pleaded in his amended answer. *First.* The only object of the stipulation for opening the case for further pleading, entered into at the time Ames made arrangements to pay off his indorsements, was to enable him to plead those payments as an offset in that case. And, if the pleadings had been open, such payments would have been proper supplemental matter, without any stipulation. R. S. 1879, secs. 3535, 3571, 3573; *Ward v. Davidson,* 89 Mo. 455. *Second.* Ames was the creditor of the Lindell Hotel Association, from the time he became its surety. The obligation of a principal to indemnify his surety against loss is a debt contracted from the time the surety became bound. The payment of the debt by the surety merely fixes the amount of the damage sustained by the surety, by reason of the breach of the contract of indemnity. But by the

doctrine of relation the debt for that amount is held to be due by the principal from the time the surety became bound. *Rice v. Southgate*, 16 Gray, 142; *Byers v. Coal Co.*, 106 Mass. 131; *Duvall v. Rasin*, 7 Mo. 450; *Schlagel v. Murdock*, 65 Mo. 522. (3) The court erred in refusing to permit defendant to file the last answer tendered, having for its object the pleading of an additional note, paid by Ames, and not embodied in the former answer. In the words of this court, "The new matter here pleaded simply enlarged the extent of the relief by stating a continuance of the same wrong, and was proper supplemental matter," and, as there could be but one pleading, it was necessary to embrace the notes formerly pleaded, as well as this one. *Ward v. Davidson*, 89 Mo. 455; R. S. 1879, secs. 3535, 3571, 3573. (4) It was error to admit in evidence the instrument of assignment over defendant's objections. Potter's Dwarris on Statutes, p. 220; *State v. Railroad*, 51 Mo. 532; *City v. Riley*, 52 Mo. 427.

*Walter B. Douglas* and *William H. Scudder, Jr.*, for respondent.

(1) The appellant, having taken no exception to the action of the court in striking out portions of his "second amended and supplemental answer," cannot be heard to complain of that action in this court. *Griffin v. Hanks*, 91 Mo. 109; *Ins. Co. v. Knaup*, 55 Mo. 156; *Bateson v. Clark*, 37 Mo. 31; *Harrison v. Bartlett*, 51 Mo. 170; *Tower v. Moore*, 52 Mo. 118; *Zeller v. Eckert*, 4 How. 297; Tidd's Practice, star p. 788; *People v. Buddensiek*, 103 N. Y. 487. (2) The court committed no error in denying appellant's motion for leave to file his "third amended and supplemental answer," the said answer being practically but a copy of a previous pleading which had been adjudged insufficient by the court. An attempt to refile a paper, already adjudged bad, is but trifling with the court,

and should not be tolerated. Story on Equity Pleading, 336; *Ward v. Davidson*, 89 Mo. 455. (3) The court committed no error in holding that a claim which did not exist in favor of the defendant at the time when he was notified of the assignment could not be pleaded as a set-off. R. S. Mo. 1879, sec. 3868; *Walker v. McKay*, 3 Metc. 294. An indorser whose liability is fixed by notice of dishonor is a surety, and until a surety pays the debt for which he is security his demand has no existence. Indorser is surety. *Weimar v. Shelton*, 7 Mo. 240; *Priest v. Watson*, 75 Mo. 310; *Byers v. Coal Co.*, 106 Mass. 136; Daniel on Neg. Inst., sec. 1305. Surety has no claim until he has paid the debt. *Hearne v. Keath*, 63 Mo. 84; *Bonham v. Galloway*, 13 Ill. 68; *Poinder v. Carter*, 12 Ired. 242. (4) To constitute a valid set-off in equity, as well as at law, there must be a present indebtedness to the party pleading the same. *Reppy v. Reppy*, 46 Mo. 571; *Spaulding v. Backus*, 122 Mass. 553; *Bradley v. Angel*, 3 Comstock, 475; 2 Story, Eq. Jur. [13 Ed.] sec. 1436a, note; Pomeroy's Equity Jurisp., sec. 704; Pomeroy's Remedies and Remedial Rights [2 Ed.] 201; *Lockwood v. Beckwith*, 6 Mich. 168; *Smith v. Ewer*, 22 Pa. St. 116. The mere fact that the plaintiff, or his assignor, is insolvent, without the concurrence of other circumstances will not authorize a court of equity to enforce a set-off which would not be valid at law. The case must be such that the party would be victim of fraud if his right of set-off were denied. STORY, J., in *Howe v. Sheppard*, 2 Sum. 409; *Lockwood v. Beckwith*, 6 Mich. 168; *Hale v. Holmes*, 8 Mich. 37; *Greene v. Darling*, 5 Mason, 201; *Graham v. Tilford*, 1 Metc. 112. (5) The court committed no error in admitting in evidence the deed of assignment. *First.* It was authorized by the resolution of the board of directors of the corporation; which resolution was read in evidence. *Hutchinson v. Green*, 91 Mo. 374; *Thorington v. Gould*, 59 Ala. 470. *Second.*

The burden of showing the contrary is upon the appellant. *Schools v. Risley*, 28 Mo. 419 ; *Chouquette v. Barada*, 28 Mo. 497 ; *City of Kansas v. Railroad*, 77 Mo. 185 ; *Musser v. Johnson*, 42 Mo. 74. *Third*. The acknowledgment is sufficient, but, were it not so, the conveyance would be good as against the objections of this defendant. Statutory provision is not exclusive. *Bason v. Mining Co.*, 90 N. C. 417 ; *Morris v. Keil*, 20 Minn. 531 ; 1 Morawetz on Corporations, sec. 335. Substantial compliance with statute sufficient when statutory mode followed : *Adler v. Lange*, 21 Mo. App. 516 ; *Thompson v. Roe*, 22 How. 422 ; *State v. Holt Co.*, 39 Mo. 521. Even if acknowledgment was defective it could be taken advantage of by only a purchaser for value without notice. *Harrington v. Fortner*, 58 Mo. 468 ; *Martin v. Halley*, 61 Mo. 196. *Fourth*. The seal having been proved to have been at one time the seal of the corporation, it is presumed to have been such at the time when it was impressed upon this deed.

BLACK, J.—The Lindell Hotel Association, a corporation, made a voluntary assignment to James L. Huse, as assignee for the benefit of creditors, on the twenty-fourth of June, 1884. On the twenty-seventh of the same month the assignee commenced this suit against Henry Ames to recover a balance of $3,393.10 due on account for board, etc. Ames was a director and stockholder of the insolvent corporation. In October, 1885, the defendant filed a second amended and supplemental answer, in which he denied the alleged indebtedness, put in issue the validity of the assignment, and set up an equitable set-off.

On motion of the plaintiff, the court struck out the set-off, to which ruling the defendant saved no exceptions. In October, 1886, he moved for leave to file a third amended and supplemental answer, which motion was overruled, and he then for the first time excepted

to the ruling of the court. The plaintiff insists that defendant is here without any exceptions to the ruling of the court concerning the set-off; but in the view we take of the case it is unnecessary to consume time in discussing this question, and we proceed to dispose of the case on its merits.

The facts concerning the alleged equitable set-off are these: The hotel association became insolvent and made the assignment on the twenty-fourth of June, 1884, and this suit was commenced by the assignee on the twenty-seventh of the same month. From January to May 17, 1884, the defendant had indorsed the paper of the association to the amount of about $24,000. Some three or four of the indorsed notes matured before the date of the assignment, and others matured thereafter. One note for $1,800, which matured before the assignment, was paid by the defendant in July, 1884, which was after the assignment and after the commencement of this suit. In July and August, 1885, a year or more after the assignment, the defendant paid on judgments recovered by holders of the indorsed notes the aggregate sum of $14,867.19. It is the payments thus made which defendant sets up as a set-off.

An accommodation indorser occupies the position of a surety; and the contract of the principal to indemnify the surety for any payment which the latter may make takes effect from the time when the surety executed the contract by which he became liable for the debt of the principal. The liability of the surety becomes fixed, in the case of an indorser, by the protest of the note, though the agreement for indemnity relates back to the date of the note. The surety, however, has no cause of action against the principal, until he has paid the debt or some part of it. *Hearne v. Keath*, 63 Mo. 84. There was, therefore, no debt due to the defendant, either at the date of the assignment or at the commencement of this

suit, and it is clear that he had no set-off within the statute upon that subject. Says Burrill: "A claim acquired after the assignment cannot be set off against the assignee; nor a liability existing, but not due at the time of the assignment, even if it becomes due before the suit was commenced." Burrill on Assignments [4 Ed.] sec. 403. If the defendant has any set-off, it is on some equitable grounds.

The law is now well settled, that an assignee, for the benefit of creditors, takes the assigned property subject to all equities existing at the date of the assignment. *State, etc., v. Rowse*, 49 Mo. 593; *Peet v. Spencer*, 90 Mo. 388. While the insolvent is not bound to pay otherwise than according to his contract, it is considered no hardship that he should accept payment of a demand owing to him before maturity. Hence, it has been often ruled in the state of New York, and is now the law of this state, that, if the claim against the assignee was due at the date of the assignment, then there is an equity because of the insolvency of the assignor, and the debt so due may be set off against the claim in favor of the assignee, though the claim held by the assignee was not due at the date of the assignment. *Smith v. Spengler*, 83 Mo. 408; *Smith v. Felton*, 43 N. Y. 419; *Smith v. Fox*, 48 N. Y. 674; *Coffin v. McLean*, 80 N. Y. 560. But the claim against the assignee must be due at the date of the assignment, and if it is not then due there is no equitable set-off. *Keep v. Lord*, 2 Duer, 78; *Myers v. Davis*, 22 N. Y. 489; *Chipman v. Bank*, 120 Pa. St. 86.

A demand cannot be set off because of the insolvency of the plaintiff in equity any more than at law, unless it existed against the plaintiff, in favor of the defendant, at the time of the commencement of the suit, and had then become due. *Reppy v. Reppy*, 46 Mo. 572; *Spaulding v. Backus*, 122 Mass. 553; Pomeroy, Eq. Jur., sec. 704; *Lockwood v. Beckwith*, 6 Mich. 168. If the defendant has an equitable set-off against the

Huse v. Ames.

assignee, it must arise from the fact of insolvency of the plaintiff's assignor, taken in combination with the fact that defendant was the surety for the assignor. This brings us to the exact point in contest.

*Morrow's Assignees v. Bright,* 20 Mo. 298, was an action by the assignees for the benefit of creditors against Bright for money due upon a note. Bright pleaded, as a set-off, money paid by him after the assignment on a protested note of Morrow, on which Bright was indorser. The note was protested before assignment, and paid by Bright after that date. The facts of that case presented the question of law now before us. It was then held that there would be no impropriety in allowing the set-off, in analogy to the statute upon that subject concerning suits brought by executors and administrators. But another reason for allowing the set-off was stated in these words: "But, in substantial justice, as Bright was Morrow's surety, and compelled by law to pay the debt, and as Morrow was insolvent, Bright may be regarded as the creditor of Morrow from the time the note was protested. Then, as there was an indebtedness on the part of Morrow to Bright, and as the very act of assignment was evidence of insolvency, by which Bright became absolutely bound, there was an equity against the demand of Morrow at the time of the assignment, growing out of his indebtedness to Bright."

That case finds support in the recent case of *Merwin v. Austin,* 58 Conn. 32. It is to be observed that in that case the surety promised to, and did, secure the debt before the adjudication of insolvency. The court said: "He (the principal) having procured her suretyship for his own accommodation upon his implied agreement to save her harmless therefrom, it became his duty on November 13 to credit her upon his account with the amount of the note." November 13 was the date when the note became due, and insolvency of the principal was not declared until December following.

This statement in the opinion, and some of the facts, tend to show that there were mutual and connected accounts between the principal and surety, which is not the situation of the parties in the case now in hand. That case does, however, give support to the views expressed in *Morrow v. Bright, supra,* and, unless the last-named case has been overruled or modified by this court, we should feel disposed to follow it.

*White v. Henly,* 54 Mo. 596, was a suit by the administrator of an insolvent estate. The defendant set up by way of offset certain notes executed by the intestate as principal, with defendant as surety. These notes were due and unpaid at the death of the intestate, and were allowed against the estate, and were paid off by the defendant surety, after they were thus allowed. The court, after citing the statute which provides that, "in suits brought by administrators and executors, debts existing against their intestate or testator, and belonging to the defendant at the time of their death, may be set off by the defendant, in the same manner as if the action had been brought by and in the name of the deceased," proceeds to say : "As the defendant did not own the notes, and was not a creditor at the time of the intestate's death, the notes could not be pleaded or allowed as a set-off in this suit." This case is clearly in conflict with what is said in *Morrow v. Bright,* concerning the statute just quoted. It is also said that *Morrow v. Bright* goes to the utmost limit of the law in allowing an equitable set-off. Now the statute just quoted concerning offsets, where the suit is by an executor or administrator, does not exclude equitable set-offs any more than do the other sections of the statutes concerning offsets in general. *State ex rel. v. Donegan,* 94 Mo. 66. There is no substantial difference between the facts in *Morrow v. Bright* and *White v. Henly,* and if the last case is good law it is difficult to see how the ruling in the former can stand.

In *Walker v. McKay*, 2 Met. ( Ky.) 294, it was held that a surety, until he pays the money for his principal, has no available demand against the principal which amounts to a set-off or equitable discount.    The case of *Nettles v. Huggins*, 8 Richardson, 273, was a case where there had been an assignment for the benefit of creditors, and it was held that a surety could not set up as a discount money paid after the assignment.    See on the same subject Pom. on Rem. & Remed. Rights [ 2 Ed.] p. 201.    To justify a set-off against an assignee for the benefit of creditors there must be a present debt due at the date of the assignment.    In this respect a surety stands on no better footing than any other creditor. The defendant had no such debt against the assignor at the date of this assignment.    Indeed, he had no such debt when this suit commenced.

It is very true that a surety may in equity, before he has paid the debt, compel the principal to pay it or perform the obligation.    Story, Eq. Jur. [13 Ed.] sec. 327 ; Pomeroy, Eq. Jur., sec. 1417, note 2.    But the surety is not entitled to be reimbursed until he has paid the debt or some part of it.    It is also to be remembered that our assignment law prohibits preferences. It looks to the equal distribution of the property of the assignor.    The status of the creditors is fixed by the assignment in trust for them.    If the right of set-off exists at that time it continues as against the assignee. If there is at that time an equitable right in favor of a creditor to a set-off or to any of the property assigned, that right is not disturbed by the assignment ; but the equitable right must exist at that time, and this is true whether the creditor is or is not a surety.    Here the defendant had no equitable set-off at the date of the assignment, and he, therefore, has none now.

It is next insisted by the defendant that the deed of assignment should have been excluded because not authorized by the corporation.

It seems the Lindell Hotel Association was simply the lessee of the Lindell Hotel Company. The vice-president of the association made report to the directors at a meeting held on May 31, 1885, to the effect that the association was insolvent. Several resolutions were then offered. One gave the vice-president power to turn over the furniture described in a certain deed of trust. Another gave him authority to sell the remaining property to any new tenant, if such a sale could be made. A third declared that he "is authorized and empowered to use all means and do all acts and make all deeds by him deemed necessary or proper to serve the best interests of this association, and to use the corporate seal for such purpose." These resolutions were adopted on the motion of the defendant with a proviso: "That I. H. Chassaing be authorized to receive and disburse all moneys belonging to the association, and act as manager of the same, until the business of the association is closed."

The corporation was insolvent, and under these circumstances it became the plain duty of the directors to make an assignment for the benefit of all the creditors. *Hutchinson v. Greer*, 91 Mo. 374. The resolution first quoted is broad in its terms and gave the vice-president ample authority to execute a deed of assignment. We do not see that the proviso limits that power in the least. Chassaing was to receive and disburse all moneys until the business of the association was closed. He was the secretary and treasurer of the association, and the proviso does no more than continue him as treasurer so long as the association continued its business. The vice-president had ample power to make the assignment.

It is again objected that the deed of assignment was not duly acknowledged. The deed was executed by Charles Scudder, vice-president of the Lindell Hotel Association, and attested by the secretary. The notary public in certifying the acknowledgment attempted to

follow the form prescribed by the act of April 2, 1883 (Acts of 1883, p. 20), but omits the words, "by authority of its board of directors," where they appear in the form next after the words, "and that said instruwas signed and sealed in behalf of said association." The acknowledgment follows the form in all other respects. The acknowledgment would be sufficient as it is under section 743, Revised Statutes, 1879, for the notary still certifies to all the facts required by that section. The first section of the act of 1883 shows clearly that the forms therein given are simply additional to existing statutory requirements. An acknowledgment good under the law as it existed before the passage of that act will still be a good acknowledgment.

The judgment in this case is, therefore, affirmed. All concur.