HENRY KORTJOHN, Assignee of THE GOELITZ BROTHERS CANDY COMPANY, Respondent, v. THE CONTINENTAL NATIONAL BANK OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, October 29, 1895.

**Assignment for the Benefit of Creditors: SET-OFF.** A debt owing by the maker of a voluntary assignment for the benefit of creditors, but not due at the time of the assignment, will not operate as a set-off to a claim acquired by the assignee under the assignment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Seneca N. Taylor* and *Charles Erd* for appellant.

An assignee for the benefit of creditors, under our statute, takes the assigned estate subject to all equities existing at the time of the assignment. He is not a purchaser for value without notice. *State ex rel. v. Rowse*, 49 Mo. 593; *Pete v. Spencer*, 90 Mo. 384–388; *Jacobi v. Jacobi*, 101 Mo. 507; *Green v. Conrad*, 114 Mo. 664. Where the debtor becomes insolvent, an equitable right of set-off obtains in favor of the creditor, subject to all fixed demands owing by the former to the latter at the time of the assignment, whether such demands have matured or not. *Nashville Trust Co. v. Bank*, 18 S. W. Rep. 822; *Green v. Conrad*, 114 Mo. 664; *City of Kansas v. Ridenhour*, 84 Mo. 253; *Smith v. Spengler*, 83 Mo. 408; *Ruby v. Watson*, 32 Mo. App. 428–433; *Schuler v. Israel*, 120 U. S. 506; *Carr v. Hamilton*, 129 U. S. 252; *Scammon v. Kimball*, 92 U. S. 362; *St. Paul & M. Trust Co. v. Leck*, 58 N. W. Rep. 826; *Darby v. Friedman S. Co.*, 3 McArthur, 349; *Nashville Trust Co. v. Bank*, 91 Tenn. 56; *Kentucky Flour Co. v. Bank*, 13 S. W. Rep. 910; *Feazle v. Dillard*, 5 Leigh, 30; *Davis v. Industrial Mfg. Co.*, 19 S. W. Rep. 371; *Barbour v. Bank*, 33 N. E. Rep. 542–554; *Matthewson v. Bank*, 45 N. H. 104; *Dennon v. Bank*, 5 Cush. 194; *Ellis v. Kerr*, 23 S. W. Rep. 1050; *Tuscombia v. Rhodes*, 8 Ala. 206; *Holbrook v. Ins. Co.*, 6 Paige, 220; *Atkinson v. Elliot*, 7 T. R. 378; *Finnell v. Nisbet*, 16 B. Monroe, 351; *Clark v. Hawkins*, 5 R. I. 291; 1 Pomeroy, Equity Jurisprudence, p. 178, sec. 189. Where a bank extends a line of discount to a customer upon the faith of the general balance which he has and is to carry in said bank, upon the insolvency of the depositor equity will apply the balance so in the hands of the bank in liquidation of the liability contracted upon the faith thereof, and will permit an equitable set-off based upon

the implied agreement that said balance should be used for the purpose of liquidating, though unmatured, any indebtedness so existing.    Morse on Banking, sec. 329, p. 56; *Field v. Oliver*, 43 Mo. 200–203; *Reppy v. Reppy*, 46 Mo. 573; *Fulkerson v. Davenport*, 70 Mo. 541; *Barnes v. McMullins*, 78 Mo. 260, 271, 272; *Smith v. Spengler*, 83 Mo. 411; *Foote v. Clark*, 102 Mo. 409; *Darby v. Savings and Trust Co.*, 3 McArthur, 349; *Holbrook v. Ins. Co.*, 6 Paige, 220; *Jordan v. Sherlock*, 81 Pa. St. 366. The mere fact, that the note did not mature until one day subsequent to the assignment to Mr. Kortjohn, affects not the bank's right of set-off, because there existed prior to the assignment an equitable right of set-off against the assignor occasioned by its insolvency, and the assignee acquired only the rights of the assignor. It has been held in this state, and elsewhere, that if the set-off in favor of the defendant and against the assignee "at the time of the commencement of the suit had become due, that is enough." *Smith v. Spengler*, 83 Mo. 412; *Reppy v. Reppy*, 46 Mo. 571; Waterman on Set-Off, sec. 381; *Atkinson v. Elliot*, 7 T. R. 378; *Holbrook v. Receiver, etc.*, 6 Paige, 220; *Scammon v. Kimball*, 92 U. S. 362; *Carr v. Hamilton*, 129 U. S. 252; *Schuler v. Israel*, 120 U. S. 506; *Fourth Nat. Bank v. City Bank*, 68 Ill. 398; *Mathewson v. Bank*, 45 N. H. 104; *Nashville Trust Co. v. Bank*, 91 Tenn. 336; *Kentucky Flour Mills v. Bank*, 13 S. W. Rep. 910; *Ellis v. Kerr*, 23 S. W. Rep. 1050; *Feazle v. Dillard*, 5 Leigh, 30; *Tuscombia v. Rhodes*, 8 Ala. 206; *Davis v. Industrial Mfg. Co.*, 13 S. E. Rep. 371; *Barbour v. Bank*, 33 N. E. Rep. 542-545; *St. Paul Trust Co. v. Leck*, 58 N. W. Rep. 826; *Trust Co. v. Bank*, 18 S. W. Rep. 822. If the maker of a promissory note, which has been discounted at a bank, becomes insolvent, having money on deposit in such bank, the amount of the note may be set-off against the amount of the deposit, and the

balance only of the latter paid to the assignee, provided the note is due absolutely, although not payable until afterward. *Demmon v. Boylston Bank*, 5 Cush. 194; *Aldrich v. Campbell*, 4 Gray, 284; *Chenault v. Bush*, 84 Ky. 528; *Smith v. Spengler*, 83 Mo. 411; *Reppy v. Reppy*, 46 Mo. 573; *Darby v. Friedman, etc., Co.*, 3 McArthur, 349; *Finnell v. Nisbet*, 16 B. Monroe, 351; *Clark v. Hawkins*, 5 R. I. 219; *Bank v. Blumenzweig*, 46 Ill. App. 279; *Clark v. Bank*, 160 Mass. 26; *Feazle v. Dillard*, 5 Leigh, 30; *St. Paul Trust Co. v. Leck*, 58 N. W. Rep. 826; *Barbour v. Bank*, 33 N. E. Rep. 542; Morse on Banking, sec. 329, 545.

*Fisse & Kortjohn* for respondent.

No set-off can be claimed against the assignee for the benefit of creditors, unless such right of set-off existed at the time of the assignment. *Morrow's Assignees v. Bright*, 20 Mo. 298; *White v. Henley*, 54 Mo. 592; *Huse v. Ames*, 104 Mo. 91; *Green v. Conrad*, 114 Mo. 651; *Myers v. Davis*, 22 N. Y. 489; *Fera v. Wickham*, 135 N. Y. 223; *Spaulding v. Backus*, 122 Mass. 553; *Hannon v. Williams*, 31 N. J. Eq. 255; *Jordan v. Bank*, 74 N. Y. 467; *Stephens v. Schuchmann*, 32 Mo. App. 333; *McGrade v. German Savings Institution*, 4 Mo. App. 330.

BIGGS, J.—The plaintiff, as assignee of the Goelitz Brothers Candy Company, sues in this action to recover from the defendant the sum of $308.25, the amount of a current deposit. The defendant admitted the deposit, but claimed that the Candy Company owed it a much larger sum, and that the amount of the deposit had been applied as a credit thereon. The plaintiff denied the right of set off, and alleged in his replication that the debt from the Candy Company to the

defendant was not due at the date of the assignment, and further that the defendant had presented and had its debt allowed for the full amount, and that it had received dividends thereon. The case was submitted on an agreed statement of facts, of which the following is the substance: On the fifteenth day of September, 1893, the Candy Company made a general assignment to the plaintiff for the benefit of its creditors. At the time of the assignment, the company had on current deposit in the defendant bank the amount sued for, and at the same time it was indebted to the bank in the sum of $5,000 on a note which became due two days after the assignment was made. Subsequently the defendant proved up the note before the assignee for its full face value, and drew a dividend on that amount. Prior to the institution of the suit, the plaintiff demanded from the defendant the amount of the deposit, which it declined to pay on the ground that it was entitled to apply the amount as a credit on the note, which it subsequently did. The judgment was for the plaintiff, and the defendant has appealed.

Is this a case where the equitable doctrine of set-off can be applied? The remedy by set-off was unknown to the common law, and mutual debts could not be applied in satisfaction of each other, unless it had been expressly agreed that the one debt should go in discharge of the other. Hence a defendant, who held a claim against the plaintiff, was compelled to bring his separate action. Out of this hardship or injustice sprang the equitable doctrine of set-off, which permitted a defendant under circumstances which called for equitable interference—that is, where the remedy by cross action would prove inadequate—to restrain by bill the action at law, to the end that the mutual demands might be adjusted and set off one against the other. Thus, if the plaintiff was insolvent, his insol-

vency was recognized as presenting a case for equitable interference. But the application of the rule has always been held to be subject to the limitation, that it must not interfere with the equitable rights of others. *Fera v. Wickham*, 135 N. Y. 223. In the application of the rule, especially where the insolvent has made a general assignment, we find great conflict in the decisions. In one class of cases it is held that it can make no difference whether the debt against the assignor was due or not at the time the assignment was made, that his insolvency, which must necessarily have existed prior to the assignment, is alone sufficient to create and perfect the equity, and that, as the assignee is not a purchaser for value without notice, but is a volunteer, the equitable right of set-off remains as against him. *Nashville Trust Company v. Bank*, 91 Tenn. 336; *Kentucky Flour Company v. Bank*, 13 S. W. Rep. 910; *Darby v. Trust Company*, 3 McArthur, 349.

On the other side of the question the argument is that the various statutes authorizing voluntary assignments prohibit preferences, and that, immediately upon the execution of the deed of assignment, an equity arises in favor of the general body of creditors to have the assets distributed ratably and without preference, and that to grant one creditor, whose debt was not due at the date of the assignment, the right to offset it by a debt presently due from him to the assignor, would be a preference, in that it would, by thus anticipating the maturity of the debt against the assignor, change the contract to the prejudice of other creditors. *Bradley v. Angel*, 3 Comstock, 475; *Myers v. Davis*, 22 N. Y. 489; *Fera v. Wickham, supra; Richards v. La Tourette*, 119 N. Y. 54; *Chipman v. Bank*, 120 Pa. St. 86; *Spaulding v. Backus*, 122 Mass. 553; *Chance v.*

*Isaacs,* 5 Paige, 592; *Huse v. Ames,* 104 Mo. 91; Burrell on Assignments, [4 Ed.] sec. 403.

All of the authorities agree that the assignee is not a purchaser for value without notice, and they also agree that he holds the assigned estate subject only to equities existing at the date of the assignment. Whether under a state of facts like we have here the right to an equitable set-off exists against the assignor at the date of the assignment, is the question upon which the courts have split. The cases first cited hold to the affirmative of the proposition upon the theory, as before stated, that *insolvency alone* creates the equity, and that, as the insolvency of the assignor necessarily precedes the making of the assignment, the equity must also have existed at the time it was made. The supreme court of this state in the case of *Huse v. Ames, supra,* adopted the other view, and we must follow it, regardless of our individual opinions.

But it is urged by counsel for appellant that the determination of that particular question was not necessary to the decision of the matter in controversy between Huse and Ames, and, therefore, that what the court may have said in reference to it is nothing more than an *obiter dictum,* and not binding on this court. We can not assent to this. The facts were that Huse, as the assignee of the Lindell Hotel Association, sued Ames for the amount of a board bill. At the date of the assignment Ames was an accommodation indorser for the association on several notes not then due, which exceeded in amount the board bill. He afterwards paid them and he sought by way of equitable set-off to have the board bill satisfied by applying the amount as a credit on what he had subsequently been compelled to pay for the association. The supreme court held that the right of equitable set-off did not exist. The same disposition could have been made of the case for

the reason that, at the date of the assignment, the debt in favor of Ames did not in fact exist. But the court distinctly based its ruling on the fact that no debt was *due* Ames at the time the assignment was made, and the cases herein cited in support of that theory were quoted from, and unhesitatingly approved. Hence, we can not say that the ruling of the court on the question was *obiter dictum.* The point decided was, in effect and substance, within the issue. 1 Black on Judgments, section 242.

We, therefore, conclude that under the authority of that case the judgment of the circuit court in the case at bar was' right, and it must be affirmed. All the judges concurring, it will be so ordered.