B. S. REPPY *et al.*, Defendants in Error, *v.* H. S. REPPY *et al.*, Plaintiffs in Error.

1. *Equity — Husband and wife — Voluntary assignment by an insolvent, of demands due himself, to his wife.*—Where a husband causes certain promissory notes, the consideration of which moved from himself alone, to be made payable to the order of his wife, the act will be regarded as a voluntary assignment or transfer of the claim to her without consideration; and if the husband is then insolvent, and such conveyance was made with intent to hinder, delay, and defraud creditors, it would be, for that reason, utterly void as to them.

2. *Equity — Offset — Set-off or counter-claim.*—In regard to a set-off or counter-claim, equity usually follows the law, but not always. When an insolvent plaintiff is suing, equity will take jurisdiction of unliquidated claims, and allow offsets which would not be allowed in law. But a demand can not be set off any more in equity than in law, unless it existed against the plaintiff, in favor of the defendant, at the time of the commencement of the suit, and had then become due.

*Error to Second District Court.*

*Green & Thomas,* for plaintiffs in error.

I. The answer sets up facts which constitute a good legal and equitable defense to plaintiffs' action. The consideration for the notes sued on moved from B. S. Reppy alone; his wife had no interest whatever in the goods sold to defendant; the making of the notes sued on payable to her was a fraud on the existing creditors of B. S. Reppy. The notes sued on really belong to him alone, and his creditors have an equitable right to subject said notes to the payment of their debts. A husband can not, by deed or otherwise, assign his property to his wife when he is largely indebted or insolvent, with intent to cheat and defraud his existing creditors. (1 Sto. Eq., § 359; Gen. Stat. 1855, p. 439, § 2; Potter *et al.* v. McDowell, 31 Mo. 62; Pawley v. Vogel, 42 Mo. 291.)

II. If the facts alleged in the answer be true, then, although the notes sued on are made payable to the wife, yet in equity she has no right to them; and it becomes necessary to invoke a court of equity to divest the wife of such apparent legal rights to the notes sued on, and to decree that they be made subject to the payment of the demands held by defendants against B. S. Reppy.

III. The demands set up by defendants against B. S. Reppy are certain and definite, and therefore constitute a good equitable set-off against plaintiffs' action. (Field v. Oliver, 43 Mo. 200 ; Sto. Eq. Jur., §§ 1436-7, 1437 *a*, 1437 *b*; Collins v. Farquhar, 4 Litt. 154 ; Jones v. Waggoner's Adm'r, 7 J. J. Marsh. 144.)

IV. The facts alleged in the answer would constitute a good cause of action against plaintiffs, legally or equitably, and therefore constitute a good defense. (1 Tiff. & Smith, N. Y. Pr., 380 ; 1 Sto. Eq., § 349 *et seq.*)

*J. J. Williams*, for defendants in error, cited Gen. Stat. 1865, p. 602, § 1 ; 2 Sto. Eq., § 1436, note ; Field v. Oliver, 43 Mo. 200 ; Rowe v. Langley, Am. Law Reg., August, 1870, p. 518 ; 2 Smith's Lead. Cas. 374.

CURRIER, Judge, delivered the opinion of the court.

By way of defense and counter-claim, the defendants in their answer set up various demands owned and held by them against the plaintiff, B. S. Reppy, the husband of the other plaintiff. As against him, a portion of these demands, at least, constitutes a proper subject of set-off. But the claim sued on is made up of two notes, both of which are payable to Mrs. Reppy alone. The defendants admit their execution, and then proceed to allege that at the time the notes were executed they were not aware of their being made payable to their creditor's wife, Mrs. Reppy ; that the consideration moved exclusively from her husband, and that he drew them payable to his wife fraudulently and with a view to hinder and delay his creditors generally, and among them the defendants. It is further alleged that B. S. Reppy was, at the time the notes were executed, insolvent and unable to meet his liabilities, and that he has so remained ever since ; and further, that a judgment against him would be of no value. It is also alleged that Mrs. Reppy paid nothing for the notes ; that they were made payable to her without value or consideration. The answer then concludes with a prayer for the divestiture of Mrs. Reppy's title to the notes, and that the same be vested in her husband, and for an allowance of the demands due the defendants

in reduction or satisfaction of the amounts due on the notes. The answer was stricken out, and the question is raised whether the facts alleged exhibit grounds for equitable relief.

The notes sued on, as the answer shows, were given for a debt due by the defendants to B. S. Reppy. The act of Reppy, therefore, in making the notes payable to Mrs. Reppy, may be regarded as a voluntary assignment or transfer of the claim to her without consideration. If this was done, as the answer avers, to defraud, hinder, and delay Reppy's creditors, the assignment, in the language of the statute, was " clearly and utterly void." (Gen. Stat. 1865, p. 439, § 2 ; Potter v. McDowell, 31 Mo. 62 ; Pawley v. Vogel, 42 Mo. 291.) If the assignment was thus void, then no title passed as against Reppy's creditors, and particularly as against the defendants. In equity, at least, the title may be treated as still in Reppy ; and the answer is framed upon the theory of an equitable defense or counter-claim. The facts being as alleged—and they stand as though admitted—it would involve the grossest injustice to permit the amount of the notes to be collected out of the defendants and leave them to a barren remedy against a bankrupt debtor.

In regard to a set-off or counter-claim, equity usually follows the law, but not always. When an insolvent plaintiff is suing, equity will take jurisdiction of unliquidated claims, and allow off-sets which would not be allowed at law. (Waterman on Set-off, 80, note, and 371–2, note ; Bradley v. Angell, 3 Comst. 475 ; Ainslee v. Boynton, 2 Barb. 253.) But a demand can not be set off in equity any more than at law, unless it existed against the plaintiff, in favor of the defendant, at the time of the commencement of the suit, and had then become due. (Waterman on Set-off, 427, § 381.)

In my opinion the court committed error in striking out the defendant's answer and counter-claim. I therefore recommend a reversal of the judgment and the remanding of the cause. The other judges concur.