James A. Todd *et al.*, Respondents, v. Robert W. Crutsinger *et al.*, Appellants.

St. Louis Court of Appeals, March 27, 1888.

1. PRACTICE — ADMISSION OF NEW PARTY. — There is no error in the admission of a new party plaintiff after the institution of the suit, when it is made to appear that the cause of action has been absolutely assigned to him for value by the original plaintiff.

2. ———— SETOFF.—A defendant cannot avail himself, by way of setoff, of a demand against the plaintiff which he has purchased for the purpose of so using it, after the filing of the petition.

3. ———— ———— UNFAIRNESS OF JURY.—Complaints by the defendant of unfairness in the action of the jury are not entitled to consideration, when such action related exclusively to a setoff which, by the established and admitted facts, the defendant had no right to claim.

APPEAL from the St. Louis County Circuit Court, Hon. William W. Edwards, Judge.

*Affirmed.*

Robt. W. Goode and Zach. J. Mitchell, for the appellants : Under the pleadings and admitted facts in this case the plaintiff Todd should not have been allowed to have Long substituted, for there was no proper case for recovery. *Buffington v. Land Co.*, 25 Mo. App. 492. The special finding of the jury must prevail over the general verdict opposed thereto. *Rand v. Grubb*, 26 Mo. App. 592. In this case the finding of the jury on the first special issue is fatally opposed to their verdict, to the effect that Crutsinger did not pay value for the note which plaintiff proved he bought for the purpose of using as a setoff. The note is a proper setoff. *Nickerson v. Gilliam*, 29 Mo. 456 ; *McAdam v. Ross*, 53 Mo. 199 ; *Cutler v. Cook*, 77 Mo. 388 ; *Smith v. Spengler*, 83 Mo. 408 ; *Gibson v. Nagel*, 15 Mo. App. 597.

M. F. TAYLOR, for the respondents : The court did not err in admitting Long to the record as a party plaintiff. Rev. Stat., sec. 3563. At any rate his admission to the record was not prejudicial to the defendants, and if error was committed it will be disregarded. Rev. Stat., sec. 3569. In order to entitle a party to offset a claim in actions of this kind, he must have owned it, and it must have been due at the time of the institution of the suit. *Hopkins v. Fetcher*, 47 Mo. 331 ; *Reppy v. Reppy*, 46 Mo. 573 ; Waterman on Setoff, sec. 381 ; *Smith v. Spengler*, 83 Mo. 412. The filing of the petition is the commencement of a suit in cases of this kind. Rev. Stat., sec. 3485 ; *Gosline v. Thompson*, 61 Mo. 471.

THOMPSON, J., delivered the opinion of the court.

This action was commenced by a subcontractor to recover a judgment against a principal contractor for furnishing certain stones for the erection of a railway bridge, and to enforce a mechanic's lien therefor. The railway company paid into court more than enough money to cover the plaintiffs' demand, and the plaintiffs had a verdict and judgment therefor, from which the defendant Crutsinger, the principal contractor, prosecutes this appeal.

The errors assigned are : (1) That the court, after answer filed, improperly allowed William A. Long to be added as a co-plaintiff. It appears that this was done on the application of Long, and a suggestion that the cause of action had been transferred to him, and that the suit was being prosecuted in the name of Todd, the party in interest, for his benefit. Nothing appears in the record which puts the court in error in adding this party. The plaintiffs offered evidence tending to prove the assignment, after the commencement of the action, of the cause of action by Todd to Long for value ; and the jury, in answer to a special interrogatory, found that the assignment was an absolute assignment. Long was, therefore, a proper party plaintiff, and no error

was committed in allowing him to be joined as such. Long should have been *substituted* as plaintiff in the place of Todd, instead of being *joined* with Todd as his co-plaintiff, as the evidence tended to show, and the jury found, that the entire cause of action had been assigned by Todd to Long. *Michael v. Insurance Co.,* 17 Mo. App. 28. But it does not appear that the defendant suffered any prejudice from the fact that there was not a complete substitution, or that his objection was urged on that ground.

II. The other substantial assignment of error relates to the rulings of the court touching a paragraph of the answer of Crutsinger, which pleaded as a setoff a promissory note of the original plaintiff, Todd, which Crutsinger had purchased of a third party, after the filing of the petition, but previously to the service of summons upon him, Crutsinger. At the trial Crutsinger admitted that he purchased the note for the purpose of using it as an offset in this action. When he made this admission he stated himself out of court in respect of this offset. The rights of the parties to a civil action are ordinarily determined by the state of things which existed at and prior to the commencement of the action ; and in this state the filing of the petition is the commencement of the action, as it is all that the plaintiff can do to put in motion the machinery of the law. *Gosline v. Thompson,* 61 Mo. 471. That a demand cannot be set off, either in law or in equity, against the plaintiff's demand, unless it existed as a demand against him in favor of the defendant at the time of the commencement of the suit and had then become due, was decided in *Reppy v. Reppy,* 46 Mo. 571.

III. The last assignment of error is, that the jury were biased, partial, and prejudiced ; that their finding was contrary to the evidence and the admissions of counsel, and that their general verdict was inconsistent with their special findings. As this assignment relates entirely to the manner in which the jury dealt with this matter of setoff, which, as we have seen, upon the

established and admitted facts had no standing in court, we need not consider it further than to say that it is not borne out in any degree by anything which appears in the record.

Judge Rombauer concurring, the judgment is affirmed.