J. D. ILER, Respondent, v. RIEGER & COMPANY, Defend-. ants; MIDLAND NATIONAL BANK, Gar- nishee, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Garnishment**: SET-OFF: DEBT NOT DUE. Where a bank is gar- nishee in an attachment suit against one of its depositors, it can not defend on the ground that the depositor is owing the bank a note not yet due for a greater sum than his deposit.

2. ———: ATTACHMENT: DEBT NOT DUE. Where the garnishee's debt is not due and no cause of action exists in his favor against the defend- ant in the attachment, he can not set-off the defendant's debt to him against his debt to the defendant, even though the attachment on the ground of fraudulent conveyance of property has been sustained, since the attachment is merely a means of present security and not a right of action on the debt.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) The theory of the garnishment proceeding is that it amounts to no more than a substitution of the plaintiff for the defendant debtor in the enforcement of any liability against the garnishee, and for this reason the garnishing creditor can not recover unless the prin- cipal defendant could in an action by him against the garnishee. *Schuler v. Israel*, 120 U. S. 506; *Firebaugh v. Stone*, 36 Mo. 111; *McPherson v. R. R.*, 66 Mo. 103; *Water Co. v. Harkness*, 49 Mo. App. 357; *Tent Co. v. Bank*, 57 Mo. App. 19.    (2) The insolvency or fraud of plaintiff is ground for equitable set-off by de- fendant. *Field v. Oliver*, 43 Mo. 200; *Barnes v. Mc- Mullins*, 78 Mo. 260; *Schuler v. Israel*, 120 U. S. 506;

Waterman on Set-off [2 Ed.], section 432; Morse on Banks and Banking [3 Ed.], section 329; Wade on Attachments, section 518; *Seed Co. v. Talmadge*, 22 S. E. Rep. 1001; *Flour Co.'s Assignee v. Bank*, 13 S. W. Rep. 910; *Trust Co. v. Bank*, 18 S. W. Rep. 822; *Lannan v. Walter*, 20 N. E. Rep. 196; *Ford's Adm'r v. Thornton*, 3 Leigh. 695; *Kneithley v. Walls*, 27 Ind. 384; *Reppy v. Reppy*, 46 Mo. 571. (3) As against an insolvent customer, a bank can assert its "banker's lien" on the insolvent's deposit, even for an unmatured demand. 1 Morse on Banks and Banking, section 329; Van Schaack on Bank Checks, p. 86; *Ford's Adm'r v. Thornton*, 3 Leigh. 695, and authorities there cited.

*Henry Wollman* and *Alexander New* for respondent.

(1) Unless the garnishee has, at the date of service of the writ, an enforcible cause of action, against the judgment debtor, he has nothing that he can set-off either at law or in equity. Revised Statutes, 1889, section 8160; Waterman on Set-off [2 Ed.], sections 66, 70, 75, 92, 107, 110, 128, 414, 415; *Scogin v. Hudspeth*, 3 Mo. 123; *Reppy v. Reppy*, 46 Mo. 571; *Smith v. Spengler*, 83 Mo. 408. (2) It may be stated as a general rule, entirely applicable to this case, that a debt can not be set-off in equity any more than at law, and unless it existed against the plaintiff in favor of the defendant, at the time of the commencement of the suit, and had then become due and payable. Waterman on Set-off [2 Ed.], section 414, and sections cited under first paragraph herein. *Scogin v. Hudspeth*, 3 Mo. 123; *Reppy v. Reppy*, 46 Mo. 571; *Smith v. Spengler*, 83 Mo. 408; *Huse v. Ames*, 104 Mo. 91; *Kortjohn v. Bank*, 63 Mo. App. 166; *Keep v. Lord*, 2 Duer (N. Y.), 78; *Myers v. Davis*, 2 N. Y. 489; *Chipman v. Bank*,

120 Pa. St. 86; *Spaulding v. Backus*, 122 Mass. 553; 2 Pom. Eq. Jur., sec. 704; *Lockwood v. Beckwith*, 6 Mich. 168. (3) Neither the mere fraud nor insolvency of the judgment debtor, nor both together, will entitle the garnishee to an equitable or legal set-off against either the debtor, or an attaching creditor. These must be taken in combination with the fact that the debt owing by the judgment debtor to the garnishee was due and demandable at the date of the garnishment. *Huse v. Ames*, 104 Mo. 91, and authorities cited *supra*.

GILL, J.—This is a controversy between the above named plaintiff and the garnishee bank, as to the right of the former to subject a certain deposit which defendants Rieger *et al.*, had to their credit in the STATEMENT.      bank at the date of garnishment. The exact nature of the controversy will be understood from the following agreed statement of facts on which the case was submitted to the lower court:   It was agreed "that   *   *   * plaintiff instituted this suit by attachment upon the ground that defendants were about to and had fraudulently disposed of their property, and that plaintiff's claim was past due; that the attachment of the plaintiff herein has been sustained, and judgment rendered against the defendants in the sum of $1,880.50; that this garnishee was summoned as garnishee, under a writ of attachment, herein, on the ninth day of October, 1893; that the garnishee was at all times herein mentioned doing a general banking business in Kansas City; that up to the seventh day of October, 1893, and for a long time prior thereto, the defendants, as partners, had been depositors and customers of this garnishee, and that at the time of the service of said summons of garnishment there was a credit in favor of defendants, as depositors, upon the books of this garnishee, for the sum of $251.31; that at the time

of the service of said garnishment and ever since this garnishee held and still holds notes made by defendants, which said defendants had discounted with this garnishee, as follows: One note for $400, due October 11, 1893; one note for $1,250, due October 23, 1893; one note for $1,250, due November 22, 1893; which said notes are unpaid; that said notes were and are secured by collateral, the value of which said collateral is now and ever since the service of the said garnishment has been less than the aggregate sum called for in the said notes by at least $260; that on the seventh day of October, 1893, the defendants became openly and wholly insolvent, and that unless this garnishee is permitted to retain said deposit of $251.31 and set-off the same against its claims against the said defendants upon said notes, its loss will be so much the greater. On this state of facts the trial court held the bank liable as garnishee for the amount of the deposit and said garnishee appealed.

The decisive question is whether or not the Midland Bank, at the date of service of garnishment on it, had the equitable right to set-off the claim it then had against defendant Rieger, though at the **GARNISHMENT:** **set-off: debt** **not due.** time of garnishment such debt was not yet due. Whatever may be the rule elsewhere, and whatever may be our individual opinions as to the justice and right of the matter, the appellate courts of this state have settled that question adversely to the contention of the garnishee's counsel. *Reppy v. Reppy*, 46 Mo. 571; *Huse v. Ames*, 104 Mo. 91; *Smith v. Spengler*, 83 Mo. 408; *Kortjohn v. Bank*, 63 Mo. App. 166. The rule there stated and adhered to, is that "a demand can not be set-off because of the insolvency of the plaintiff in equity any more than at law, unless it existed against the plaintiff, in favor of the defendant,

at the time of the commencement of the suit, and *had then become due.*"

It will not do to say that this holding was mere *obiter dictum.* As I read the cases they necessarily involved that particular question and very naturally called for an opinion. More than this, from an examination of the briefs and authorities cited it seems the rule announced in this state is in line with a majority of the courts of the country. See citations from Waterman on Set-Off and other authorities contained in brief of plaintiff's counsel. A different doctrine is announced by other courts, conspicuously by the United States supreme court, *Schuler v. Israel,* 120 U. S. 506, still as we are bound by the decisions of our own supreme court we must adhere to the rule so clearly declared in the cases first above cited.

Garnishee's counsel are correct in the claim that their client occupies every vantage ground it would if the suit was direct by the attachment defendant, and that the attachment plaintiff occupies the same and no better attitude than would the defendant. This is familiar law. But the rule remains the same, whether the suit be direct by the bank's depositor, or whether the bank be proceeded against by garnishment. The rights of set-off are determined as they existed on October 9, 1893, the date of the garnishment. On that day the bank had no present enforcible claim; it had not then a subsisting cause of action upon which an action might have been sustained. This being so, no right of set-off existed either at law or in equity.

The judgment of the circuit court will be affirmed. All concur.

## ON MOTION FOR REHEARING.

Garnishee's counsel, in their motion for rehearing, urge that we have overlooked the admitted fact that the defendants at the date of garnishment ——: attachment: were guilty of a fraudulent disposition of debt not due. their property, and that because of such fraud the bank had then a right to sue, as provided by section 522 of the attachment law. Having then a right to bring attachment against defendant, it is contended that the right of set-off existed.

The position is not tenable. To entitle the garnishee to set-off, its claim against defendants must *then have been due.* "A demand can not be set-off * * * in equity any more than at law, unless it existed against the plaintiff, in favor of the defendant, at the time of the commencement of the suit and *had then become due.*" The statutory right, on certain specified conditions, to attach in advance of the maturity of the debt, does not bring about a present existing *due debt;* in other words, it does not change the contract between the parties.

"When attachment lies on such demand (that is, one then not due), it is nothing more than a means of present security, in its strictest sense, which the law affords the creditor; and when the attachment fails, the action should be dismissed. * * * The statutory power to maintain such an action on a demand before its maturity, does not embrace the right to anticipate the time when the debt will be *owing*." 1 Wade on Att., sec. 161; *Grier v. Fox,* 4 Mo. App. 522; *Duryee v. Turner,* 20 Mo. App. 34; *Houser v. Andersch,* 61 Mo. App. 15.