JIMELLA GOZA et al., Respondents, v. LINUS SANFORD, Appellant.

### St. Louis Court of Appeals, February 21, 1899.

Practice, Trial: SUBSTITUTION OF TRANSFEREE. Section 2204, Revised Statutes 1889, expressly authorizes the substitution of the transferee of a pending action, as party plaintiff, in the future conduct of a litigation. In the case at bar it was competent for the husband to transfer the note payable to him, and the account in his favor, to his wife; henceforth she was authorized under the married woman's act to enforce in a court of law the obligations of the maker of the note and the debtor in the account.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

JOHN A. HOPE and W. H. MILLER for respondents.

Appellant complains that there was a substitution of parties to this suit after its institution before the justice, in that by an amendment Jamilla Goza was substituted as the real party in interest, having taken by assignment the title to the causes of action. That this was not a substitution, but was

a legitimate amendment, we think is too well settled to require citation of authorities; however, see Revised Statutes 1889, section 2108.   An assignment of a cause of action pending a suit is directly recognized by our statutes, and upon such a contingency the suit may be proceeded with either in the name of the original plaintiff or the assignee may be substituted. R. S. 1889, sec. 2204; Childs v. Thompson, 81 Mo. 337; State ex rel. v. Phillips' Adm'r, 97 Mo. 331; Asher v. Railroad, 89 Mo. 116; Spurlock v. Sproule, 72 Mo. 503; Bank v. Wickert, 23 Mo. App. 663.   Even assuming that the assignment of the original plaintiff to his wife did not convey the title, which we deny, still the judgment as against the defendant could not be complained of because he had no offset even as against the original plaintiff; the testimony failing to disclose that he was the owner of this offset at the date of the institution of the suit.   That a claim, to be the subject of an offset, must be an existing claim at the date of the institution of a suit is fundamental, no citation of authorities upon this point is necessary.   The court evidently found from the testimony that this money was the property of J. Frank Goza's co-respondent, and that as against her defendant had no offset, hence its finding.   Respondents respectfully call the attention of this court to the rule which is of universal application in this state that the appellate court will defer to the lower court as to its findings of facts in all cases where there is substantial testimony upon which to base such finding.

LINUS SANFORD *pro se.*

The wife, J. Ellen Goza, could not take an assignment for value received after the suit had been instituted, be made a party plaintiff and set up title in herself to the note.   Courtney v. Sheehy, 38 Mo. App. 290; Clements v. Greenwell, 40 Mo. App. 589.   An entire new cause of action can not be substituted for the original one by substituting a new party,

and that is done in this case.　As the court intimates on the trial after the substitution "the question is now, who owns the note? There is no other issue." Pruett v. Warren, 71 Mo. App. 84; Whipple v. Peters Co., 55 Mo. App. 558; Parker v. Rhodes, 79 Mo. 88; Haynes v. Trenton, 108 Mo. 122; Scovill v. Glassner, 79 Mo. 449; Summer v. Rogers, 90 Mo. 324. The court erred in permitting J. Frank Goza, an unwilling witness, and a party to the cause of action, to give his conclusions as to the ownership of the note or money thereby represented and refusing to permit any cross-examination on his statement.

BOND, J.—J. F. Goza, sued the defendant on his promissory note for $85.66, with eight per cent interest from date of December 4, 1893, and also on an account aggregating $72.85.　The action was begun before a justice of the peace of Cape Girardeau county, Missouri, on August 5, 1896. On the twenty-fourth day of August, 1896, J. F. Goza, filed in the justice's court an assignment and transfer of his right, title and claim, and interest in said causes of action to J. Ella Goza, his wife, who was thereupon made party plaintiff in the action.　On the same day defendant filed as a set-off a note made by J. F. Goza for $62.90, dated January 28, 1889, payable to H. W. Howard, administrator, Wigington & Howard, due one day after date, and an account for $25 in favor of one Mullens, both assigned to defendant.　After a trial and judgment against him in the justice's court the defendant appealed to the circuit court.　The trial there resulted in a judgment in favor of J. E. Goza, the wife, against the defendant for $134.17, from which defendant appealed.

The plaintiff gave evidence that the money evidenced by the note executed by defendant to J. F. Goza was the proceeds of real estate which came to his wife from her father, and which had been invested for her benefit by an attorney,

Vol. 79 app—7

who delivered it upon her written direction to her husband, and that he paid it out at the direction of defendant, in consideration of which defendant executed the aforesaid note, and that the item of $13.60 in plaintiff's account also came from the same source; that he acted as the agent of his wife in these transactions. Both said note and account were admitted to be due by defendant in his written statement claiming a set-off in the justice's court. When defendant offered the two set-offs pleaded by him on the trial in the circuit court, plaintiff objected to their competency and relevancy because it was not shown that defendant had acquired either of them when the present action was begun. This objection was sustained. For the plaintiff the court gave an instruction submitting to the jury the issue whether the note and account sued upon belonged to her, and whether they were still due. Defendant asked no instructions, and no other were given. Appellant complains of the substitution of the wife as a plaintiff in the action upon the filing by the husband of the assignment to her of his causes of action. There was no error in this ruling. The statute expressly authorizes the substitution of the transferee of a pending action as party plaintiff in the future conduct of a litigation. R. S. 1889, sec. 2204; Childs v. Thompson, 81 Mo. 333; Todd v. Crutsinger, 30 Mo. App. 145. The consideration for the transfer in the case at bar was well supported by the evidence. It was competent for the husband to transfer the note payable to him and the account in his favor to his wife, and by such act to vest her with full title to both of these evidences of debt; henceforth she was authorized under the married woman's act to enforce in a court of law the obligations of the maker of the note and the debtor in the account. R. S. 1889, sec. 6864. Hence there was no error in the ruling under review. Neither was there any error in the exclusion of the set-offs claimed by defendant, for there is no evidence in the record that he acquired either of them until after he was sued in this action. Reppy v. Reppy, 46 Mo. 571; Todd v. Crutsinger, *supra*. As the

defendant was not harmed by the exclusion of his set-offs, and as he admitted the justice of both of the items upon which the jury returned a verdict, it is difficult to see how he could have been prejudiced by the rendition of the judgment in this case. For whether the assignment by the ESTOPPEL. original plaintiff to his wife was sufficient to authorize her to become a party plaintiff, he, at least, would be estopped thereby from any further demand against defendant, and defendant upon payment of said judgment would be discharged from all obligation to any one. The judgment is manifestly for the right party, and will be affirmed. All concur.