Tony PRINCE, Plaintiff-Appellant,

v.

WEST END INSTALLATION SERVICE, INC., Defendant,

and

Pioneer Bank & Trust Company, Garnishee-Respondent.

No. 40348.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 12, 1978.

Tony Prince, pro se, Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Andrew L. Granat, St. Louis, for garnishee-respondent.

CLEMENS, Judge.

Plaintiff Tony Prince got a judgment and execution against defendant West End Installation Service, Inc.; thereafter he sought to collect by garnishing defendant's account on deposit in the garnishee-bank, Pioneer Bank and Trust Company. The issue: May a garnishee-bank withhold a depositor's funds to offset his unmatured loan? We say no.

When summoned on November 6, 1975, the garnishee-bank answered plaintiff's interrogatories by denying it was indebted to defendant. Plaintiff denied this and the matter proceeded to trial.

An officer of the garnishee-bank testified: On the date garnishment was served, defendant had $1,420.48 on deposit with the bank. The bank then held defendant's promissory note for $13,000, with $95.15 unpaid interest due on the note. On November 18—twelve days after the writ of garnishment was served—the bank made demand on defendant for payment of his $13,000 note. We infer from this that the principal of defendant's note did not mature until after the bank was served with garnishment. This inference is further supported by the fact that when served the bank executed a cashier's check for $1,420.12, payable to the sheriff of St. Louis County. The check was not delivered, however, because the bank "had the feeling they had the right of offset of the . . . loan maturing on November 18."

The trial court rendered judgment for the garnishee-bank. Plaintiff has appealed, contending that as defendant's judgment creditor he is entitled to defendant's funds on deposit on the date the bank was summoned. Garnishee-bank counters by contending it had the right to apply defendant's deposit to defendant's indebtedness to the bank. Cases cited by the garnishee-bank concern a bank's right to offset its *matured* debt against a depositor's funds.

■ Established law in Missouri is that a bank may apply its customers' deposits to reduce the customers' loans from the bank "as they become due." *Adelstein v. Jefferson Bank & Trust Co.,* 377 S.W.2d 247[1] (Mo.1964). A bank cannot however defeat a garnishment on the ground that the depositor owes the bank money on a note not yet due. *Iler v. Midland National Bank,* 69 Mo.App. 64[1] (1897). On the date of service of the writ, a garnishee must have an enforceable cause of action against its depositor. *Iler,* supra, relying on *Reppy v. Reppy,* 46 Mo. 571[2] (1890), holding squarely: "But a demand cannot be set off in

equity any more than at law, unless it existed . . . at the time of the commencement of the suit, and had then become due." Our research of later cases fails to reveal any departure from this established principle.

Guided by the standard of appellate review set forth in *Murphy v. Carron,* 536 S.W.2d 30[1] (Mo.1976), we find no substantial evidence to support the trial court's decision. Nothing in the record indicates the defendant's debt to the garnishee-bank was due on the date garnishee was served. Both parties do agree $95.15 in interest was due by defendant to the garnishee-bank on November 6, 1975 and we therefore reverse the judgment and remand the cause with instructions to enter judgment for plaintiff to the extent the funds in the checking account exceeded $95.15 interest. Costs are to be taxed against garnishee-bank.

REINHARD, P. J., and GUNN, J., concur.