A. J. CASSATT, Appellant, *v.* J. C. VOGEL, EXECUTOR,
Respondent.

### November 20, 1883.

1. PRACTICE — TRIAL COURTS. — On demurrer the trial court does not look
at exhibits not made a part of the pleadings.

2. —— APPELLATE COURTS. — The appellate court will not consider exhibits
which were not before the trial court for consideration.

3. MORTGAGES — STIPULATIONS FOR INSURANCE — ACTIONS. — A *cestui que
trust* who advances money to pay insurance under a stipulation in the
deed of trust that he may insure the property upon the mortgageor's
failure to insure, and that " the sums so expended, with ten per cent in-
terest per annum thereon, shall become a debt due additional to the
principal indebtedness," may proceed by an action for money paid
out for the mortgageor at his instance, without waiting to foreclose the
mortgage or for the maturity of the principal indebtedness.

4. —— EXECUTORS AND ADMINISTRATORS. — For advances so made by the
beneficiary after the motgageor's death, the remedy is against the mort-
gageor's executor, who is bound to do that which his testator undertook
to do.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*

J. L. & F. P. BLAIR, for the appellant: It was error
to consider the deed of trust. — *Chambers* v. *Carthels,* 35
Mo. 374.

BROADHEAD & HAEUSSLER, for the respondent: If the
plaintiff has an action it is not against this executor. —
*Whittelsy* v. *Brohammer,* 31 Mo. 98 ; *Sauer* v. *Griffin,* 67
Mo. 654.

Lewis, P. J., delivered the opinion of the court.

The amended petition sets forth, in substance, that the defendant's testator, in his lifetime, executed a deed of trust to secure a note payable to the plaintiff, in which deed it was covenanted and agreed on the part of the grantor " that the buildings standing on the real estate conveyed by said deed to the trustees, in said deed designated, should be kept insured in a sum of not less than $25,000, and that said insurance should be placed in a company, or in companies, satisfactory to and designated by said trustees, or either of them ;  *   *   *   that, in case said insurance should not be taken out and kept up in the manner contemplated by said deed of trust, then said plaintiff might himself pay the necessary premiums for such insurance and that such premiums, so paid, should become a debt additional to the indebtedness described in said deed of trust and be held secured by said deed of trust, and should become due and bear interest at the rate of ten per cent per annum from the date of their payment.   Plaintiff further states that, in April, A. D. 1881, the buildings on said real estate were insured in the sum of $10,000 in companies which were not satisfactory to nor designated by said trustees, or either of them.   That the survivor of said trustees thereafter, to wit, on the 25th day of April, A. D. 1881, notified said Vogel, executor of said Bircher, as aforesaid, that said insurance was not satisfactory to him, the said surviving trustee, and requested him, the said Vogel, as said executor, to take out policies of insurance in the same amount in other insurance companies designated by said surviving trustee ; which the said Vogel thereupon refused and still refuses and neglects to do.   That thereupon, to wit, on the 25th day of April, A. D. 1881, said plaintiff caused said buildings to be insured, in the sum of $10,000, in companies designated by said surviving trustee, and paid, as premiums therefor, the sum of $145.   That said insurance was taken out in lieu of said insurance of $10,000, disapproved of by said surviving trustee.   That thereupon said plaintiff de-

manded of said Vogel as executor as aforesaid, the repayment of said sum of $145," etc. The defendant demurred to this petition as not stating facts sufficient to constitute a cause of action. The demurrer was sustained.

Counsel for the defendant argue that the action of the circuit court was right, because, according to the petition, the sums paid for premiums were to " become a part of the debt and bear interest," etc. ; wherefore the liability arising, if any, would only mature with the debt of which it is a part, and nothing in the petition shows that this is now due, nor does it appear when it will become due. But counsel overlook the language used in the petition. The allegation is explicit, that " such premiums, so paid, should become a debt *additional* to the indebtedness described in said deed of trust, * * * and should become due and bear interest * * * from the date of their payment." So it is not true, so far as these averments are concerned, either that the liability for premiums paid was to be a part of the original debt, or that the date of its maturity is left in any uncertainty. The liability matured at the date of the payment, to wit, on April 25, 1881. No language could express this more clearly than that used in the petition.

The petition states that the insurance was to be placed "in a company or companies satisfactory to and designated by said trustees or either of them," by the terms of the covenant. The negative averment follows, that the insurance taken — by the defendant, or his testator — was "in companies which were not satisfactory to, nor designated by said trustees, or either of them." Nothing could be alleged on this point, to make out a better *prima facie* cause of action. If the trustees' dissatisfaction with the companies selected, or their refusal to designate them, was either unreasonable, oppressive, or whimsical and without cause, as counsel suggest, the objection if valid, would be matter of special defence, and there was no need to anticipate it in the petition.

Counsel should first read the pleadings they undertake to criticise, and not compel the court to consume time in correcting their misstatements of the averments. It is *not* " averred that the trustee took out other insurance," and hence no answer is needed to the objection that he had not power to do so. It is averred that " said plaintiff caused said buildings to be insured," etc., and this is precisely what, by the terms of the covenant, the plaintiff was authorized to do.

Equally unsound is the objection that the demand sued on is a charge against the realty, and therefore not to be maintained against the executor. The words of the covenant make it unquestionably a personal demand or claim for the payment of money—quite as much so as the note described in the same deed. Neither the one nor the other is any the less a personal demand, because its payment is, by agreement, secured upon real estate. The petition does not seek to enforce the claim against the land. The cases cited (31 Mo. 98 and 67 Mo. 654) have no relevancy whatever. Other objections against the petition are so manifestly untenable that we can not bestow further time upon them.

A stipulation is on file wherein counsel on both sides ask our inspection of a copy of a deed of trust which was filed with the petition, as an exhibit, in the court below, and they further ask us to construe and finally determine the effect of the covenants, as expressed in said deed, to the end that further litigation may be avoided. This, in effect, requests that we assume a jurisdiction which is expressly forbidden to us by statute. " No exception shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court." Rev. Stats., sect. 3774. The circuit court decided no question of construction on the face of the deed itself. To do so would be to pass upon the admissibility or sufficiency of the deed, as evidence to sustain the allega-

tion in the petition.   This the court could not lawfully do, on a demurrer to the petition.   Counsel say, in argument that the learned judge of the circuit court did in fact examine the deed and construe its contents, whereby his judgment was influenced, on the demurrer.   The record shows nothing of the sort.   But if it showed that he did so, it would only show that he decided a matter not before him, and therefore not before us in this appeal.   We think that the petition states facts sufficient to constitute a cause of action, and therefore that the demurrer was erroneously sustained. All the judges concurring, the judgment is reversed and the cause remanded.