## PETTY v. JORDAN–SPENCER CO.

(Court of Civil Appeals of Texas. Feb. 23, 1911.)

1. EVIDENCE (§ 317*) — DECLARATIONS BY THIRD PERSONS—ADMISSIBILITY.

In an action for the price of material, declarations in defendant's absence by a third person not shown to have been his agent that it was understood between him and plaintiff's manager that defendant was to pay were inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

2. TRIAL (§ 251*)—ISSUES—SUBMISSION.

The only issue being whether an owner agreed to pay the price of materials sued for, it was error to submit any question about defendant having notice that plaintiff had not been paid when he settled with the contractor.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CONFLICTING INSTRUCTIONS.

While instructions should be construed together, one cannot be looked to to cure misleading tendency of another, where they are irreconcilable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 705; Dec. Dig. § 296.*]

Appeal from Hamilton County Court; J. W. Warren, Judge.

Action by the Jordan-Spencer Company against J. E. Petty. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. E. Trippet and Langford & Chesley, for appellant. C. G. Fouts and Eidson & Eidson, for appellee.

KEY, C. J. This case originated in a justice of the peace court, but was finally tried in the county court, where the plaintiff recovered a judgment against the defendant J. E. Petty, and he has appealed. The other defendant, J. D. Porter, seems to have been eliminated from the case before it was tried in the county court. In the latter court the parties filed written pleadings containing many surplusage averments, not material to the rights of the parties, and which seem to have confused the judge as well as the jury.

The case is submitted in this court upon four assignments of error, all of which are sustained. The first assignment complains of the action of the court in permitting the witness J. D. Porter to testify that it was understood between him and T. J. Jordan, the plaintiff's manager, that the defendant Petty was to pay for the lumber. It was not shown that Porter was Petty's agent, and the latter was not present when the transaction referred to occurred. It is not necessary to cite authorities in support of the proposition that such testimony was not admissible.

The second assignment complains of similar testimony given by the witness T. J. Jordan, and, for the same reason, we sustain that assignment.

Among other things, the court instructed the jury as follows:

"(8) I further charge you that if you find and believe from a preponderance of the evidence that the defendant, J. E. Petty, did as alleged by plaintiff's contract with J. D. Porter for the erection of the certain improvements on the house of the defendant Petty, as alleged and sued for, find and believe that the plaintiff furnished the lumber and material as charged in plaintiff's petition for said improvements, and that the defendant knew at the time and prior to his doing so that he was agreeing to do so and was doing so, and you further believe that prior to the time of settlement by defendant, Petty, with J. D. Porter for said improvements, and while the defendant, Petty, was still owing the said Porter an amount

sufficient to pay his claim, the plaintiff gave the defendant written notice of his claim against the defendant, then I charge you that, if you so find, you should find for the plaintiff the amount of his debt and interest as hereinbefore explained.

"(9) On the contrary, I charge you that the defendant, Petty, would not be liable to the plaintiff to pay said debt unless he had agreed to do so either by himself or by J. D. Porter, and unless you further find that J. D. Porter was then and there acting for the said Petty and under his instructions, and unless you so find that he did promise to pay plaintiff for said materials as hereinbefore set out you should find for the defendant, unless you find against him on another paragraph of this charge.

"(10) You are further instructed that the mere fact that Jordan-Spencer Company furnished the material for the erection of the improvements on the house of the defendant would not be sufficient to bind him, unless you further find that the defendant, Petty, knew that the plaintiff was going to furnish said materials, and that he was furnishing same, and further believe that the plaintiff gave the defendant written notice that he had furnished the same prior to the time that he settled with J. D. Porter, if you find that he did settle within and at a time when the defendant, Petty, was still due the said J. D. Porter an amount equal to the amount of his claim."

Appellant has assigned error upon the eighth and tenth paragraphs of the charge quoted, and we sustain both the assignments. Counsel for appellee contends that, when the paragraphs referred to are construed in connection with the ninth paragraph, there is no error in the charge, and the jury could not have been misled. We are of opinion that the case comes clearly within the doctrine announced and applied by our Supreme Court in Baker v. Ashe, 80 Tex. 357, 16 S. W. 36, which has been frequently followed in subsequent cases. Unless the trial court was confused or misled by the allegations in the plaintiff's petition which were not material to the rights of the parties, we are unable to account for why the charge made any reference to the question of notice being served by the plaintiff upon the defendant, to the effect that the plaintiff had furnished the lumber for which the suit was brought. The undisputed testimony shows that the defendant, Petty, made a contract with J. D. Porter to construct an addition to his residence which constituted his homestead. Porter obtained from the plaintiff the lumber used in making that improvement. After the improvement referred to was completed, the plaintiff brought suit against both Porter and the defendant Petty, and alleged that Petty had contracted and agreed to pay for the lumber furnished by the plaintiff. It is not pretended that they took any steps to secure a lien upon Petty's homestead. They alleged in their petition that, before Petty had settled with Porter, they notified him that they had not been paid for the lumber, but that allegation was immaterial, because such notice would not create any liability against Petty. The only material issue in the case, and the only one which should have been submitted to the jury, was whether or not the defendant Petty had agreed or promised to pay for the lumber. If he had made such agreement or promise, express or implied, he is liable and plaintiffs ought to recover; and, if he had not made such agreement or promise, then he is not liable, although he may have known before he settled with Porter that the latter had procured the material from the plaintiffs, and had not paid for it. Such being the only material issue in the case, it was confusing and misleading for the court to submit to the jury any question about the defendant's having notice that the plaintiffs had not been paid for the lumber when he settled with Porter. And, when the court clearly and distinctly told the jury in the eighth paragraph of the charge that Petty would be liable and the plaintiffs entitled to recover if he had such notice, and instructed the jury to find for the plaintiffs, if they so found the facts to be, the court announced, and directed the jury to apply, an erroneous view of the law. But we are asked to hold that the error referred to was cured by the ninth paragraph of the charge, which instructed the jury exactly to the contrary. In answer to that request we make this quotation from the opinion of the court in Baker v. Ashe, supra: "It is a rule that in construing the instructions given by a court to a jury they will be taken as a whole, and one part may be looked to for the purpose of qualifying another. But does this rule apply when the jury are told in one instruction that, if they find certain facts to exist, they will find a verdict for the plaintiff, one of the facts necessary to a recovery being omitted, and when in another they are charged that the plaintiff cannot recover unless the fact omitted in the previous charge be proved? We think not. Charges should be construed together, and as correcting each other, and, when not being contradictory, both may stand together. But the instructions in this case are wholly irreconcilable. In one the jury are told, in effect, to find for the plaintiff, although the alleged misrepresentations did not induce him to make the deposits in the bank. In another they are told that, unless that fact be proved, he cannot recover. In one charge the jury are instructed, in effect, that the plaintiff may recover without reference to the truth or falsity of the representations, and in another they are told that he cannot recover unless the representations be false. How are the jury to reconcile these contradictory charges? They are calculated at least to confuse; but perhaps the most serious objection to them is that they leave the jury free to fol-

low either of the contradictory charges as their personal wishes or private feelings may dictate."

For the errors referred to and the reasons stated, the judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.