## GEORGE R. JANSEN, Appellant, v. ANNIE E. DOLAN, Respondent.

### St. Louis Court of Appeals, May 2, 1911.

1. **COUNTERCLAIMS: Arising on Contract: Implied Promise: Waiving Tort.** Under the second subdivision of section 1807, Revised Statutes 1909, providing that, in an action on a contract, a counterclaim may be any other cause of action arising also on contract and existing at the commencement of the action, where plaintiff deprived defendant of the use of a wagon and harness, defendant could set up such deprivation as a counterclaim in an action on an account, as she could waive the tort and sue on an implied contract to pay for such use.

2. **JUSTICES' COURTS: Pleading: Counterclaims.** In a suit originating in a justice's court, defendant, in order to avail himself of a counterclaim, must file a pleading, but it is not essential that such pleading be highly formal, it being sufficient if it affords reasonable notice to the adverse party of the claim asserted and will operate as a bar to another action between the same parties on the same subject-matter.

3. **COUNTERCLAIMS: Statute Construed: Liberal Construction.** The second subdivision of section 1807, Revised Statutes 1909, providing that, in an action on a contract, any other cause of action arising also on contract and existing at the commencement of the action may be pleaded and considered as a counterclaim, is to be liberally construed in aid of adjusting available matters of controversy in one litigation.

4. ————: **Justices' Courts: Waiving Tort and Suing on Implied Promise: Sufficiency of Counterclaim.** In an action on an account, instituted in a justice's court, a counterclaim, showing on its face that the cause of action declared upon therein arose from plaintiff's tort in withholding possession of defendant's wagon and harness against her consent, but revealing that she waived the tort of conversion and elected to sue as in assumpsit for the reasonable value and use of the wagon and harness, was good as a counterclaim.

5. ————: **Arising on Contract: Cause of Action Must Exist at Commencement of Suit.** Under section 1807, Revised Statutes 1909, providing that in an action on a contract, a counterclaim may be any other cause of action arising also on contract and existing at the commencement of the action, so much of a counterclaim as accrued after the action was commenced was improperly allowed.

6. APPELLATE PRACTICE: Excessive Recovery: Remittitur. Where, in an action on an account, brought on the 17th day of November, 1908, defendant in her counterclaim made a charge of one dollar per day, excepting Sundays and holidays, for the use of a wagon from September 4, 1908, to January 26, 1909, and the jury allowed her the entire sum, the cause is one where remittitur may be ordered, and so much of the recovery as was improperly allowed under section 1807, Revised Statutes 1909, for charges accruing after the action was brought, deducted from the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED (*with directions*).

*Rippey & Kingsland* for appellant.

(1) The counterclaim, being a statement in tort for unliquidated damages, cannot be set up herein, as it does not arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, nor is it connected with the same subject of action. Sec. 1807, R. S. 1909; sec. 7445, R. S. 1909; McCormick Co. v. Hill, 104 Mo. App. 544. (2) The alleged counterclaim herein is improper for the reason that it includes damages alleged to have accrued subsequent to the filing of the suit, and therefore cannot be said to have been owned by defendant at the time of the commencement of the action. Sec. 1807, R. S. 1909; sec. 7445, R. S. 1909; McCormick Co. v. Hill, 104 Mo. App. 544. (3) The counterclaim should not have been submitted to the jury on the theory that it stated an implied contract, for there was no evidence to support such a theory, nor does the counterclaim state such cause of action. Crane v. Murray, 106 Mo. App. 697. (4) The alleged counterclaim cannot stand for the reason that it is insufficient in statement. A counterclaim should be stated in such a manner that it may be intelligibly distinguished, and must make reference to the cause of action, which it is intended to answer. Haden v. Maher, 67 Mo. App. 434.

*Wm. L. Igoe* for respondent.

NORTONI, J.—This is a suit on an account. Defendant interposed a counterclaim. The finding and judgment, besides being for plaintiff on the account, was for defendant on the counterclaim as well, and from this judgment plaintiff prosecutes the appeal. There is no controversy about the matter of the account sued upon, and the question for decision relates alone to defendant's right of recovery on the counterclaim interposed by her. It is argued the counterclaim sounds in tort and is, therefore, not a competent matter of consideration, for the reason it does not assert a cause of action arising out of the contract or transaction set forth in plaintiff's complaint nor is it connected with the subject of the action. It is true the matter set forth in the counterclaim does not arise out of the contract or transactions set forth in the petition, and it is true, too, that it is not connected with the subject of the action but it is entirely clear a portion of it is competent matter of counterclaim under the second subdivision of the statute, section 1807 Revised Statutes 1909, for though a tort appears, plaintiff could waive it and sue in assumpsit on the applied undertaking to pay.

Plaintiff sued defendant before a justice of the peace, as above stated, on an account. By way of answer thereto, defendant interposed her counterclaim for plaintiff's having deprived her of the use of a one-horse stake wagon and one set of harness, which, it is averred, she owned at the time, from September 4, 1908, to January 26, 1909, excepting Sundays and holidays, the reasonable value of which is alleged to be one dollar per day. On account of this, defendant asks a recovery against plaintiff in the total sum of $113 at the rate of one dollar per day for the time he retained the stake wagon and set of harness against her consent.

Though in cases such as this, a pleading is required on behalf of defendant, even where the cause originates

before a justice of the peace, it is not essential that such pleading should be highly formal. In other words, it is sufficient if the pleading affords reasonable notice to the adverse party of the claim asserted therein together with its nature and character and will operate as a bar to another action between the same parties on account of the same subject-matter. The second subdivision of our statute authorizing a counterclaim provides that in an action arising in contract any other cause of action arising also on contract and existing at the commencement of the action may be pleaded and considered as a counterclaim. [Sec. 1807, R. S. 1909.] This provision of the statute is liberally construed in aid of adjusting available matters of controversy in one litigation between the parties. The counterclaim shows on its face that the cause of action declared upon therein arose from the tort of plaintiff in withholding possession of defendant's one-horse stake wagon and set of harness against her consent, but it reveals, too, that she waived the tort of conversion and elected to sue as in assumpsit for the reasonable value and use at one dollar per day from September 4, 1908, to January 26, 1909, excepting Sundays and holidays, in the total sum of $113, as on an account of 113 separate items, consisting each of compensation for a different day.

There can be no doubt that in many instances it is competent for a party to waive the tort and sue in assumpsit for the reasonable value of the article or thing, or the use thereof, of which defendant by his wrongful act has deprived him, and appropriated its benefits to himself. That it was competent for defendant to waive the tort and her right to sue therefor in conversion in the present instance and, instead, claim the reasonable value of the use of the wagon and harness during the time defendant retained it, is not to be questioned. Where such right of election obtains and the suit is in contract, the law is well nigh universal to the effect that one may, under the second subdivision of the statute, set forth a

counterclaim as also arising on contract, though it originated in the tortious act of plaintiff, if the tort is waived and an implied contract declared upon: provided a right of recovery therefor existed at the commencement of the action. Mr. Pomeroy in his work on Code Remedies (4 Ed.), sec. 677, says:

"It may be regarded as a doctrine established by the overwhelming weight of authority, that, whenever by the principles of law, independent of the new procedure, a cause of action may be treated as arising either from tort or on contract, and the party holding the right may elect between the two kinds of remedial proceeding, and does in fact elect to sue on contract, the demand thus determined to be upon contract may be counterclaimed against a plaintiff's cause of action arising on *another* contract, or when itself set up by a plaintiff, it may be opposed by a counterclaim arising out of another contract."

See also Barnes v. McMullins, 78 Mo. 260, 274; Starr Cash Car Co. v. Reinhardt, 20 N. Y. Supp. 872; Norden v. Jones, 33 Wis. 600; Challiss v. Wylie, 25 Kan. 506. Besides the counterclaim sufficiently revealing on its face that defendant elected to waive the tort and sue in assumpsit as on an implied undertaking, the proof made of her claim thereunder goes to that effect as well. It appears plaintiff, who had possession of defendant's stake wagon and harness, refused to surrender it to her on demand made September 4, 1908, and retained it until January 26, 1909. There is evidence in the record, too, tending to prove plaintiff used the wagon, broke it under a heavy load and caused it to be repaired, but no claim is made for the breakage. Defendant might have sued in conversion for the value of both wagon and harness, but instead elected to proceed in assumpsit on the implied undertaking to make compensation for the reasonable value for the use.

The jury awarded defendant a recovery on the counterclaim for $113, the whole amount sued for. A

considerable portion of this is unauthorized under the statute on counterclaims, for by its express provision no recovery can be had except on a demand existing at the commencement of the action. [Sec. 1807, R. S. 1909.] The present action was instituted by plaintiff November 17, 1908, and the first item of the counterclaim is of date September 4, 1908. So much of the counterclaim as accrued between September 4, 1908, and November 17, 1908, the time the suit was filed, is available to defendant; but that portion of it consisting of items from November 17, 1908, to January 26, 1909, inclusive, may not be allowed, and the court erred in submitting it to the jury under the instructions given. For this reason, the judgment should be reversed and the cause remanded. It appearing defendant made a charge of one dollar per day, excepting Sundays and holidays, from September 4, 1908, to January 26, 1909, and that the jury allowed her the entire sum, the cause is one where remittitur may be ordered and so much of the recovery as is competent apportioned with accuracy. But defendant may prefer to prosecute the entire claim in a separate action, and for this reason an opportunity to do so should be given. The judgment should be reversed and the cause remanded, with directions to the trial court to enter judgment on the counterclaim as above indicated for $52 or permit defendant to dismiss as to it and proceed in a separate suit thereon as she may be advised in the premises. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.